# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**INFINITI EMPLOYMENT SOLUTIONS, INC.,**

      **Plaintiff,**

**v.**                                                      **Case No:   6:15-cv-315-Orl-22KRS**

**BENTON GLOBAL, LLC,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **AMENDED MOTION FOR DEFAULT JUDGMENT (Doc. No. 29)**
>
> **FILED:**     **July 17, 2015**

## I. PROCEDURAL HISTORY.

On February 27, 2015, Plaintiff Infiniti Employment Solutions, Inc. ("Infiniti") filed a complaint against Defendant Benton Global, LLC ("Benton"), raising claims for breach of contract, quantum meruit, account stated, and open account. Doc. No. 1. After the Court dismissed the case for lack of subject-matter jurisdiction, Infiniti filed an amended complaint to cure the jurisdictional deficiencies. Doc. No. 19. Benton failed to respond to the amended complaint, and Infiniti moved for entry of default. Doc. No. 22. On April 5, 2015, the Clerk of Court entered default against Benton. Doc. No. 24.

Infiniti filed a motion for default judgment on June 9, 2015. Doc. No. 25. I denied that motion without prejudice because it failed to include a discussion of (1) the elements of each cause of action, (2) the manner in which the allegations of the amended complaint satisfied the elements of each cause of action, and (3) the bases for Infiniti's damages calculations. Doc. No. 27. On July 17, 2015, Infiniti filed an amended motion for default judgment, which was accompanied by an affidavit. Doc. Nos. 28, 29. Thereafter, I issued a supplemental briefing order outlining additional information that was required for the Court to conduct its damages assessment. Doc. No. 30. Infiniti filed its supplemental brief and affidavit on August 21, 2015. Doc. Nos. 31, 32, 32-1.

The amended motion for default judgment has been referred to me by the presiding District Judge for issuance of a Report and Recommendation. Benton did not respond to the motion, and the time for doing so has passed. The matter is now ripe for review.

## II.   STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not *well-pleaded* or to admit conclusions of law.").[1] Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether [the] plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all binding decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-has-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This requirement applies with equal force in the analysis of a motion for default judgment. *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 U.S. Dist. LEXIS 110538, at *2–4 (M.D. Fla. Sept. 3, 2009), *adopted by* 2009 U.S. Dist. LEXIS 110257 (M.D. Fla. Nov. 24, 2009).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather the Court determines the amount and character of the damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for purposes of assessing damages. Fed. R. Civ. P. 55(d)(2); *see also SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). However, a hearing is not necessary if a party submits sufficient evidence to support the request for damages. *Smyth*, 420 F.3d at 1232 n.13.

### III. ALLEGATIONS OF THE AMENDED COMPLAINT.

Infiniti provides workforce management solutions, employees, and related services to companies. Doc. No. 19 ¶ 7. In 2007, Benton executed a credit application that set forth in writing payment terms for services supplied by Infiniti. *Id.* ¶ 8. Under the terms of the 2007 agreement, Benton agreed to pay Infiniti "within 7 days of invoice date." *Id.* ¶ 10; Doc. No. 19-1, at 2.[2]

---

[2] Exhibits attached to the complaint are deemed a part of the complaint "for all purposes." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007) (citing Fed. R. Civ. P. 10(c)).

Benton agreed that, if the invoice was not paid within fifteen days, it would be liable for interest accrued at a rate of 1.5% per month on the outstanding balance. Doc. No. 19 ¶ 10; Doc. No. 19-1, at 2. Benton further agreed to be liable for any costs incurred in collecting an outstanding account balance, including court costs, collection fees, and attorney's fees of not less than 33% of the unpaid principal interest. Doc. No. 19 ¶ 11; Doc. No. 19-1, at 2.

On April 17, 2009, Benton executed a written rate agreement for "warehouse/labor" that set forth billing rates and terms of payment to cover wages and benefits for employees provided. Doc. No. 19 ¶ 9. The parties also executed other agreements over the course of their relationship. *Id.* ¶ 8.

Infiniti performed its obligations under the agreements. Doc. No. 19 ¶ 14. It interviewed, screened, employed, and paid wages and benefits to individuals at Benton's premises. *Id.* Until February 2015, Infiniti sent monthly invoices to Benton, which contained descriptions of the labor and services provided, the wages paid and charged, and the sums due to Infiniti. *Id.* ¶ 15. Benton paid the invoices in full through April 2014 in periodic lump-sum payments. *Id.* ¶ 16. After that time, however, one hundred and sixty-five invoices went — and remain — unpaid. *Id.* ¶ 17. Benton did not object to those invoices. *Id.* ¶ 33. Despite repeated demands, Benton has failed to pay the amounts owed. *Id.* ¶ 18.

**IV.   DISCUSSION.**

The following sections will first discuss whether Infiniti is entitled to the entry of default with respect to each claim set forth in the amended complaint. Then, I will discuss the damages to which Infiniti is entitled, in light of the evidence submitted to the Court.

*1.     Benton's Liability.*

Infiniti amended complaint raises claims for breach of contract, account stated, quantum meruit, and open account.   The following sections will discuss those claims in turn.

a.     Breach of Contract.

Under Florida law, "[t]he elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." *J.J. Gumberg Co. v. Janis Servs., Inc.*, 847 So. 2d 1048, 1049 (Fla. 4th Dist. Ct. App. 2003).   Infiniti alleges that it entered into written credit and rate agreements with Benton.   Doc. No. 1 ¶¶ 8–9.   Although Benton paid its invoices in full through April 2014, *id.* ¶ 16, Infiniti alleges that Benton thereafter breached the written agreements by failing and refusing to pay the amounts due, *id.* ¶ 19.   Infiniti asserts that, as a result, it has suffered damages.   *Id.* ¶ 20.   These allegations, which are accepted as true by virtue of Benton's default, are sufficient to state a claim for breach of contract.   Infiniti, therefore, should be granted default judgment on the same.

b.     Account Stated.

"An 'account stated' is defined as an agreement between persons who have had previous transactions, fixing the amount due in respect to such transactions and promising payment." *Nants v. F.D.I.C.*, 864 F. Supp. 1211, 1219 (S.D. Fla. 1994).   "For an account stated to exist as a matter of law, there must be an agreement between the parties that a certain balance is correct and due and an express or implicit promise to pay this balance." *Merrill-Stevens Dry Dock. Co. v. "Corniche Expr.*,*"* 400 So. 2d 1286, 1286 (Fla. 3d Dist. Ct. App. 1981).   "A plaintiff may prove a prima facie case for account stated by proffering evidence that the account was rendered under circumstances which raise a presumption of assent." *Supermedia LLC v. Pre Enters., LLC*, No. 8:10-cv-000647-

T-30TGW, 2010 U.S. Dist. LEXIS 83307, at *7 (M.D. Fla. July 8, 2010). The practice of periodic billings for certain amounts in the reasonable course of business, when no objection is made to the amount of the bill in a reasonable period of time, may give rise to such a presumption. *Id.* at *7; *see also F.D.I.C. v. Brodie*, 602 So. 2d 1358, 1361 (Fla. 3d Dist. Ct. App. 1992).

In the amended complaint, Infiniti alleged that it rendered invoices to Benton under their service agreements. Doc. No. 19 ¶¶ 9–11, 14–15, 32. Benton paid in full the invoices through April 2014. *Id.* ¶ 16. Infiniti continued to send periodic invoices that spanned from April 28, 2014, to February 2, 2015. Doc. No. 19-3, at 3-9. Benton did not object to the invoices, Doc. No. 19 ¶ 33, and they remain unpaid, *id.* ¶ 17–18. The foregoing is sufficient to state a claim for account stated, and Infiniti should be granted default judgment on that claim.

   c. <u>Quantum Meruit and Open Account.</u>

Infiniti states that, if it is entitled to recovery under either of its breach of contract or account stated theories, analyses of its quantum meruit and open account theories are unnecessary. Doc. No. 29, at 4. I agree. As one court has explained,

> If the Court finds that [a plaintiff's] allegations are sufficient to state a claim under one theory of recovery, the Court need not address other mutually exclusive, alternative theories. This is because "a plaintiff who 'presents a number of alternative legal theories, but whose recovery is limited to only one of them, has only a single claim.'" This is true even where the alternative theory is contained in a separate claim or count.

*Napp Techs., L.L.C. v. Kiel Labs., Inc.*, No. 04-3535 (WHW), 2008 U.S. Dist. LEXIS 100734, at *18–19 (D.N.J. Dec. 12, 2008) (citation omitted) (quoting *Allegheny Cty. Sanitary Auth. v. U.S.E.P.A.*, 732 F.3d 1167, 1172 (3d Cir. 1984)). Quantum meruit and open account are pled as alternatives to Infiniti's breach of contract and account stated claims. Doc. No. 29, at 4; *see generally White Holding Co., LLC v. Martin Marietta Materials, Inc.*, 423 F. App'x 943, 947 (11th Cir. 2011) (per curiam) ("The equitable relief of quantum meruit 'is founded upon the legal fiction

- 6 -

of an implied contract,' and 'cannot be maintained . . . when the rights of the parties are described in a written contract.'" (alteration in original) (quoting *Corn v. Greco*, 694 So. 2d 833, 834 (Fla. 2d Dist. Ct. App. 1997)))[3]; *Spring Air Int'l, LLC v. R.T.G. Furniture Corp.*, No. 8:10-cv-1200-T-33TGW, 2010 U.S. Dist. LEXIS 114490, at \*17 (M.D. Fla. Oct. 19, 2010) ("[A]n allegation of an express contract invalidates a claim for open account . . . ."). Accordingly, default judgment should not be entered as to these claims, and in light of the other determinations in this Report and Recommendation, the claims should be dismissed.

   2.   *Infiniti's Damages.*[4]

Infiniti requests damages in the total amount of $157,633.06.[5] Doc. No. 32-1 ¶ 32. In support of its damages request, Infiniti has submitted the affidavit of Phillip Martina, its vice-president. Doc No. 32-1. Martina states that the value of the unpaid staffing services that Infiniti rendered to Benton is in the principal amount of $141,935.10. *Id.* ¶¶ 16, 22. Accordingly, Infiniti is entitled to that amount as unpaid principal.

Martina also asserts that the interest due through the date this case was filed is $11,802.97, which was calculated at an annual rate of 18%.[6] *Id.* ¶ 23. Martina attached a ledger that identifies one hundred and sixty unpaid invoices.[7] Doc. No. 32-5. The ledger indicates the invoice date,

---

[3] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

[4] Although in the preceding section, I found that the allegations were sufficient for Benton to be found liable for breach of contract and account stated, this section discusses the damages pertaining to Infiniti's breach of contract claim. This is because the breach of contract damages subsume — and are broader than — the damages recoverable under the account stated theory. In short, the breach of contract theory encompasses all damages to which Infiniti is entitled.

[5] Infiniti originally requested $158,012.76 in damages. Doc. No. 29, at 3. In response to my supplemental briefing order, however, it determined that the amount should be decreased due to a calculation error. Doc. No. 31 ¶ 10.

[6] Martina extrapolates the 1.5% monthly interest rate to which the parties agreed into an annual rate. Doc. No. 19-1, at 2.

[7] In his affidavit, Martina also identifies five additional invoices from February 16, 2015, which became delinquent prior to the filing of the amended complaint, along with the invoice date and balance for

principal amount, and balance for each such invoice. *Id.* Martina then attaches an amortization table that calculates the interest due on each invoice according to the following formula: [Principal Amount Due x (.18% Interest Rate/365) x Number of Days the Invoice Was Overdue]. *See* Doc. No. 32-7. After review of the filings and upon independent calculations, I conclude that the amortization table is an accurate representation of the interest due to Infiniti. Infiniti should be awarded $11,802.97 in interest.

Finally, Infiniti asserts that it is entitled to attorneys' fees and costs. Under the agreement, Benton agreed that it would pay "any collection costs incurred to collect the account balance, including court costs, collection fees and attorney's fees of not less than 33% of the unpaid principal interest." Doc. No. 19-1, at 2. Infiniti requests $3,894.98 in attorneys' fees and costs, Doc. No. 31, at 3, which is less than the amount to which Infiniti is entitled under the agreement.[8] However, because Infiniti requests only that sum, that is the amount that I recommend the Court award.

Based on the above, I recommend that Infiniti be awarded $157,633.05 in total damages.

## V. RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1. **GRANT in part** Infiniti Employment Solutions, Inc.'s Amended Motion for Default Judgment (Doc. No. 29);

2. **FIND** that Benton Global, LLC is liable to Infiniti Employment Solutions, Inc. for breach of contract (Count I) and account stated (Count III);

---

each. Doc. No. 32-1 ¶ 12. Infiniti does not, however, request interest or attorneys' fees with respect to these five additional invoices. *See* Doc. No. 32-7, at 5.

[8] Independent calculations indicate that 33% of the unpaid principal interest ($11,802.97) is $3,934.32.

3. **ASSESS** $157,633.05 in damages against Benton Global, LLC;

4. **DISMISS** Infiniti Employment Solutions, Inc.'s claims for quantum meruit (Count II) and open account (Count IV); and

5. **DIRECT** the Clerk of Court to issue a judgment consistent with the Court's ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

Recommended in Orlando, Florida on September 1, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy